UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA BENTIVEGNA,<br><br>Plaintiff,<br><br>v.<br><br>ODYSSEY HOUSE, INC. and DURGA VALLABHANENI,<br><br>Defendants. | Civil Action No.<br><br>ECF CASE<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT |

Plaintiff Patricia Bentivegna, by way of Complaint against Defendants Odyssey House, Inc. and Durga Vallabhaneni, alleges as follows:

## NATURE OF THE ACTION

This is an action, by an aggrieved individual against her former employer and supervisor, alleging violations of Federal, State, and City law for unlawful discrimination based upon a disability, as well as the former supervisor's retaliation and wrongful interference in her efforts to mitigate her damages.

## JURISDICTION AND VENUE

1. Because this action arises under the laws of the United States, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to state law claims that form other bases for recovery upon the same factual nexus, specifically the New York State Human Rights Law and the New York City Human Rights Law.

2. Venue is based on 28 U.S.C. § 1391(b)(1) insofar as Defendant Odyssey House, Inc. resides within this Judicial District, and (b)(2) insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

3. Prior to filing this Complaint, on December 13, 2016, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

4. On August 15, 2017, the EEOC issued a right to sue letter to Plaintiff.

5. Pursuant to Section 8–502(c) of the New York City Administrative Code, prior to commencing this action, Plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel.

## PARTIES

6. Plaintiff Patricia Bentivegna ("plaintiff" or "Ms. Bentivegna") is an individual residing in Middletown, NJ.

7. Upon information and belief, Defendant Odyssey House, Inc. ("Odyssey House") is a corporation organized pursuant to the laws of the State of New York with an address at 120 Wall Street, New York, NY 10005.

8. At all relevant times, Defendant Durga Vallabhaneni ("Defendant Vallabhaneni") was a Senior Vice President and the Chief Financial and Administrative Officer of Odyssey House.

## FACTS COMMON TO ALL COUNTS

9. Odyssey House provides services to individuals with substance abuse and mental health disorders.

10. From March 25, 2013 until April 12, 2016, Ms. Bentivegna worked for Odyssey House as the Purchasing Director.

11. In all respects, her job performance met or exceeded Odyssey House's reasonable expectations.

12. At the end of October 2015, Ms. Bentivegna had an abnormal pap smear. As a result, she was required to undergo a colposcopy on November 25, 2015.

13. On December 4, 2015, Ms. Bentivegna underwent a Loop Electrocautery Excision Procedure (LEEP) and cone biopsy. As a result of the latter, she was required to take a one-week medical leave.

14. On or about March 10, 2016, Ms. Bentivegna learned that she was suffering from cervical stenosis (i.e., a closed cervix) and would need to undergo a hysterectomy. Later that day, she informed her supervisor, Defendant Vallabhaneni, of her diagnosis.

15. On March 23, 2016, Ms. Bentivegna was absent due to a doctor's appointment.

16. On April 8, 2016, Ms. Bentivegna informed Defendant Vallabhaneni that she had "been going through some health related issues since October 2015. After going through the testing and surgery last year, some serious issues have come about from it. I am under the care of doctors at NYU Langone. I had a procedure done last week, and another yesterday."

17. That same day, April 8, Ms. Bentivegna spoke by phone with Defendant Vallabhaneni and told him that the LEEP and cone biopsy in December 2015 was unnecessary surgery that had caused the cervical stenosis.

18. During that same April 8 phone conversation, Ms. Bentivegna also informed Defendant Vallabhaneni that she would need to undergo an ultrasound on April 11 and, as a result, would be late to work that day.

19. On April 11, Ms. Bentivegna arrived at work at approximately 10:40 a.m.

20. Shortly after she arrived, she was called into a meeting with Defendant Vallabhaneni.

21. During the meeting, Defendant Vallabhaneni stated that Ms. Bentivegna would be required to obtain bids for the maintenance and repair of the HVAC equipment at Odyssey House's Soundview building in the Bronx.

22. For the previous three years, the Maintenance Director Michael Scharff, not Ms. Bentivegna, had obtained these bids.

23. In fact, as Ms. Bentivegna informed Defendant Vallabhaneni later that day, Mr. Scharff had already obtained one bid and intended to solicit two additional bids.

24. The following day, April 12, Ms. Bentivegna's employment was terminated.

25. The pretext for her termination was that Ms. Bentivegna had refused to solicit bids as discussed supra.

26. On or about March 2, 2017, Ms. Bentivegna applied for an office manager position with the North Jersey Transportation Planning Authority (NJTPA).

27. On March 8, 2017, Ms. Bentivegna interviewed for the NJTPA office manager position.

28. On March 30, 2017, she returned for a second interview, which was followed by a third interview on April 12, 2017.

29. In or about April or May 2017, Defendant Vallabhaneni spoke with an individual from NJTPA who sought to obtain a reference for Ms. Bentivegna.

30. As a result of the negative job reference provided by Defendant Vallabhaneni, NJTPA did not offer Ms. Bentivegna the office manager position.

## FIRST CAUSE OF ACTION
### (Odyssey House- Americans with Disabilities Act (ADA)-Discrimination)

31. Plaintiff realleges each of the allegations set forth above as if set forth herein at length.

32. Because it has fifteen (15) or more employees, Odyssey House qualifies as an employer under the Americans with Disabilities Act (ADA).

33. As set forth in paragraphs 12-18, supra, plaintiff had a record of and/or had a physical impairment that "substantially limit[ed] one or more major life activities". Alternatively or additionally, she was "regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C). As such, at all relevant times, she was disabled as defined under the ADA.

34. Plaintiff was otherwise qualified to perform the essential functions of her job with or without a reasonable accommodation.

35. As set forth in paragraph 24, supra, on April 12, 2016, she suffered an adverse employment action.

36. As reflected in the close proximity between the date that plaintiff informed Defendant Vallabhaneni that she would need to undergo a hysterectomy (March 10, 2016) and the date of her termination (April 12, 2016), her employment was terminated because of her disability.

37. The stated reason for her termination—that she had refused to solicit bids for the maintenance and repair of HVAC equipment— was a pretext for discrimination.

**SECOND CAUSE OF ACTION**
**(Odyssey House- Americans with**
**Disabilities Act (ADA)-Retaliation)**

38.     Plaintiff realleges each of the allegations set forth above as if set forth herein at length.

39.     In filing a Charge of Discrimination with the EEOC on December 13, 2016, as described in paragraph 3, supra, plaintiff engaged in conduct protected under the ADA.

40.     In or about January or February 2017, Odyssey House received a copy of the charge filed by plaintiff.

41.     As described in paragraphs 29 and 30, supra, in providing a negative job reference, Defendant Vallabhaneni engaged in unlawful post-employment retaliation.

42.     A causal connection exists between plaintiff's filing of the charge and the negative job reference from Defendant Vallabhaneni.

**THIRD CAUSE OF ACTION**
**(Odyssey House and Defendant Vallabhaneni-**
**Executive Law § 296 – Discrimination)**

43.     Plaintiff realleges each of the allegations set forth above as if set forth herein at length.

44.     Odyssey House has more than four persons in its employ, and therefore qualifies as an "employer" under the New York Human Rights Law ("HRL").

45.     The HRL prohibits an employer from discriminating against or discharging an employee because of her disability,

46.     As set forth in paragraphs 12-18, supra, plaintiff was an individual with a disability.

47. Although plaintiff was qualified for her position and had performed her duties effectively, she was nevertheless terminated.

48. There was no independently legitimate reason for Plaintiff's termination; rather, the reasons provided were pretexts for and/or substantially influenced by unlawful discrimination.

49. Having aided and abetted the discriminatory, unlawful termination of plaintiff, and because he had the power to hire and fire employees, Defendant Vallabhaneni may be held personally liable.

### FOURTH CAUSE OF ACTION
**(Odyssey House and Defendant Vallabhaneni-**
**Executive Law § 296 – Retaliation)**

50. Plaintiff realleges each of the allegations set forth above as if set forth herein at length.

51. Pursuant to Executive Law § 296, it is unlawful to retaliate against an employee because he or she opposed statutorily forbidden discriminatory practices.

52. As set forth in paragraphs 39-42, supra, plaintiff engaged in protected activity; Odyssey House was aware that the plaintiff participated in such activity; and, as a result of this activity, plaintiff was subject to an adverse action.

53. Having aided and abetted this unlawful conduct, Defendant Vallabhaneni may be held personally liable.

### FIFTH CAUSE OF ACTION
**(Odyssey House and Defendant Vallabhaneni-**
**New York City Administrative Code § 8-107– Discrimination)**

54. Plaintiff realleges each of the allegations set forth above as if set forth herein at

length.

55. As described <u>supra</u>, in terminating plaintiff, Odyssey House discriminated against her on the basis of her disability.

56. Under the New York City Human Rights Law ("CHRL"), it is unlawful for an employer or an employee or an agent of the employer to engage in discriminatory employment practices.

57. Accordingly, both Odyssey House and Defendant Vallabhaneni may be held liable under the CHRL.

**SIXTHCAUSE OF ACTION**
**(Odyssey House and Defendant Vallabhaneni-**
**New York City Administrative Code § 8-107– Retaliation)**

58. Plaintiff realleges each of the allegations set forth above as if set forth herein at length.

59. New York City Administrative Code § 8-107(7) of the CHRL provides that it is unlawful for an individual to retaliate or discriminate in any manner against any person because such person has "opposed any practice forbidden under this chapter …"

60. As a result of the above-described retaliatory acts, both Odyssey House and Defendant Vallabhaneni may be held liable under the CHRL

WHEREFORE, Plaintiff Patricia Bentivegna demands that judgment be entered as follows:

1. Against Defendant Odyssey House, Inc. on the First and Second Cause of Action and that she be awarded a) compensatory damages including without limitation back pay, front pay, pension and other lost benefits that she would have received but for defendant's actions; b) additional compensatory damages for the emotional distress defendant's

unlawful conduct has caused plaintiff; c) punitive damages; d) interest; e) counsel fees and costs; f) such equitable and injunctive relief as may be appropriate; and g) such other relief as the court deems just and appropriate under the circumstances.

2. Against Defendants Odyssey House, Inc. and Durga Vallabhaneni, on the Third and Fourth Cause of Action and that she be awarded a) compensatory damages including without limitation back pay, front pay, pension and other lost benefits that she would have received but for defendants' actions; b) additional compensatory damages for the emotional distress defendants' unlawful conduct has caused plaintiff; c) punitive damages; d) interest; e) counsel fees and costs; f) such equitable and injunctive relief as may be appropriate; and g) such other relief as the court deems just and appropriate under the circumstances.

3. Against Defendants Odyssey House, Inc. and Durga Vallabhaneni on the Fifth and Sixth Cause of Action and that she be awarded a) compensatory damages including without limitation back pay, front pay, pension and other lost benefits that he would have received but for defendants' actions; b) additional compensatory damages for the emotional distress defendants' unlawful conduct has caused plaintiff; c) interest; d) punitive damages pursuant to, inter alia, New York City Administrative Code § 8-205A; e) attorneys fees, costs, and expenses pursuant to, inter alia, New York City Administrative Code § 8-205A; f) such equitable and injunctive relief as may be appropriate; and g) such further relief as the Court deems equitable, appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised.

Dated: Springfield, New Jersey
September 18, 2017

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

/s/ Andrew Moskowitz
Andrew M. Moskowitz, Esq.

505 Morris Avenue
Springfield, NJ 07081
(973) 379-4200
amoskowitz@lawjw.com

Attorneys for Plaintiff Patricia Bentivegna