UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| PATRICIA BENTIVEGNA,<br><br>         Plaintiff,<br><br>   -against-<br><br>ODYSSEY HOUSE, INC. and DURGA VALLABHANENI,<br><br>         Defendants. | Civ. No.: 17-CV-07079(AJN)<br><br>**ECF Filed Case**<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** |

-------------------------------------------------------------------X

Defendants Odyssey House, Inc. (hereafter referred to as "Odyssey House") and Durga Vallabhaneni (hereafter collectively referred to as "Defendants") by and through their attorneys Jackson Lewis P.C., for their Answer and Affirmative and Other Defenses to the Complaint ("Complaint") of Plaintiff Patricia Bentivegna ("Plaintiff"), hereby state as follows:

**AS TO "NATURE OF THE ACTION"**

Defendants deny the allegations set forth in the Paragraph labeled "Nature of the Action" in the Complaint, except aver that Plaintiff alleges claims pursuant to Federal, State, and City law.

**AS TO "JURISDICTION AND VENUE"**

1. The allegations set forth in Paragraph "1" of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph "1" of the Complaint, except aver that Plaintiff purports to invoke jurisdiction of the Court as recited therein.

2. The allegations set forth in Paragraph "2" of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendants

deny the allegations contained in Paragraph "2" of the Complaint, except aver that to the extent jurisdiction is proper, venue is appropriate in the Southern District of New York.

   3. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "3" of the Complaint, except aver that Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and deny any allegation of discrimination and/or wrongdoing as alleged in the EEOC Charge and herein.

   4. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "4" of the Complaint.

   5. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "5" of the Complaint.

## AS TO "PARTIES"

   6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "6" of the Complaint, except aver that Plaintiff is an individual.

   7. Defendants admit the allegations set forth in Paragraph "7" of the Complaint.

   8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint, except aver that Mr. Vallabhaneni has served as Senior Vice President, Chief Financial and Administrative Officer of Odyssey House throughout Plaintiff's employment with Odyssey House.

**AS TO "FACTS COMMON TO ALL COUNTS"**

9. Defendants admit the allegations set forth in Paragraph "9" of the Complaint.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except aver that Plaintiff was employed by Odyssey House from March 25, 2013 to April 12, 2016 as a Director of Purchasing.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "12" of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "14" of the Complaint, except deny that Plaintiff informed "Defendant Vallabhaneni of her diagnosis".

15. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "15" of the Complaint.

16. Defendants admit that on April 8, 2016, Plaintiff sent an e-mail stating, among other things, that she had "been going through some health related issues since October 2015. After going through the testing and surgery last year, some serious issues have come about from it. I am under the care of doctors at NYU Langone. I had a procedure done last week and other yesterday", and aver that the entirety of said e-mail speaks for itself.

17. Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "19" of the Complaint.

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint, except aver that Mr. Vallabhaneni met with Plaintiff on April 11, 2016.

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint, except aver that during the April 11, 2016 meeting, Mr. Vallabhaneni explained to Plaintiff, as he had done in the past, that it was her responsibility to solicit purchasing bids for maintenance and repair of HVAC equipment.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint, except aver that Plaintiff's employment with Odyssey House ended on April 12, 2016.

25. Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "26" of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "27" of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

### AS TO "FIRST CAUSE OF ACTION (ODYSSEY HOUSE – AMERICANS WITH DISABILITIES ACT (ADA) - DISCRIMINATION"

31. Defendants repeat and reallege each and every statement contained in their responses to Paragraphs "1" to "30" of the Complaint, as though set forth at length herein.

32. The allegations set forth in Paragraph "32" of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "32" of the Complaint, except aver that Odyssey House has fifteen (15) or more employees.

33. The allegations set forth in Paragraph "33" of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint, except aver that Plaintiff's employment with Odyssey House ended on April 12, 2016.

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

### AS TO "SECOND CAUSE OF ACTION (ODYSSEY HOUSE – AMERCIANS WITH DISABILITIES ACT (ADA) – RETALIATION)"

38. Defendants repeat and reallege each and every statement contained in their responses to Paragraphs "1" to "37" of the Complaint, as though set forth at length herein.

39. The allegations set forth in Paragraph "39" of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "39" of the Complaint, except aver that Plaintiff filed a Charge of Discrimination with the EEOC and deny any allegation of discrimination and/or wrongdoing as alleged in the EEOC Charge and herein.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint, except aver that Odyssey House received a copy of the Charge of Discrimination Plaintiff filed with the EEOC.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

### AS TO "THIRD CAUSE OF ACTION (ODYSSEY HOUSE AND DEFENDANT VALLABHANENI- EXECUTIVE LAW § 296 – DISCRIMINATION)"

43. Defendants repeat and reallege each and every statement contained in their responses to Paragraphs "1" to "42" of the Complaint, as though set forth at length herein.

44. The allegations set forth in Paragraph "44" of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations set forth in Paragraph "44" of the Complaint, except aver that Odyssey House has more than four (4) persons in its employ.

45. The allegations set forth in Paragraph "45" of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated the New York State Human Rights Law and refer the Court to the New York State Human Rights Law for the true contents and effects thereof.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

### AS TO "FOURTH CAUSE OF ACTION (ODYSSEY HOUSE AND DEFENDANT VALLABHANENI- EXECUTIVE LAW § 296- RETALIATION)"

50. Defendants repeat and reallege each and every statement contained in their responses to Paragraphs "1" to "49" of the Complaint, as though set forth at length herein.

51. The allegations set forth in Paragraph "51" of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated the New York State Human Rights Law and refer the Court to the New York State Human Rights Law for the true contents and effects thereof.

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

### AS TO "FIFTH CAUSE OF ACTION (ODYSSEY HOUSE AND DEFENDANT VALLABHANENI – NEW YORK CITY ADMINSITRATIVE CODE § 8-107- DISCRIMINATION)"

54. Defendants repeat and reallege each and every statement contained in their responses to Paragraphs "1" to "53" of the Complaint, as though set forth at length herein.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56. The allegations set forth in Paragraph "56" of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated the New York City Human Rights Law and refer the Court to the New York City Human Rights Law for the true contents and effects thereof.

57. Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

### AS TO "SIXTH CAUSE OF ACTION (ODYSSEY HOUSE AND DEFENDANT VALLABHANENI- NEW YORK CITY ADMINISTRATIVE CODE § 8-107 RETALIATION)"

58. Defendants repeat and reallege each and every statement contained in their responses to Paragraphs "1" to "57" of the Complaint, as though set forth at length herein.

59. The allegations set forth in Paragraph "59" of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated the New York City Human Rights Law and refer the Court to the New York City Human Rights Law for the true contents and effects thereof.

60. Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

## AS TO "WHEREFORE CLAUSES"

61. Defendants deny that Plaintiff is entitled to any of the relief specified in the "WHEREFORE" clauses of the Complaint.

## AS TO "JURY DEMAND"

62. Defendants admit that Plaintiff purports to demand a jury trial, but deny that Plaintiff has stated a claim or is entitled to any relief whatsoever.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have. Defendants reserve the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

## AS AND FOR DEFENDANTS' FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

## AS AND FOR DEFENDANTS' SECOND DEFENSE

Any and all actions taken by Defendants were taken for legitimate, non-discriminatory, non-retaliatory reasons, and would have been taken regardless of Plaintiff's alleged disability, or any other protected characteristic.

## AS AND FOR DEFENDANTS' THIRD DEFENSE

At all times relevant hereto, Defendants acted reasonably and in good faith toward Plaintiff and have not violated any rights held by Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

### AS AND FOR DEFENDANTS' FOURTH DEFENSE

Plaintiff's claims for damages are barred or should be reduced because she has failed to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR DEFENDANTS' FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she unreasonably failed to take advantage of Odyssey House's preventive or corrective opportunities or to avoid harm otherwise.

### AS AND FOR DEFENDANTS' SIXTH DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

### AS AND FOR DEFENDANTS' SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

### AS AND FOR DEFENDANTS' EIGHTH DEFENSE

Defendants' conduct, even if it occurred, amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

### AS AND FOR DEFENDANTS' NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendants and/or any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

### AS AND FOR DEFENDANTS' TENTH DEFENSE

Plaintiff is not entitled to recover any punitive damages against Defendants because, *inter alia*, Defendants acted in good faith and did not commit, ratify, authorize or

acquiesce in any malicious, willful, or reckless acts or omissions.

## AS AND FOR DEFENDANTS' ELEVENTH DEFENSE

Plaintiff's prayer for injunctive relief is barred because Plaintiff has an adequate remedy at law.

## AS AND FOR DEFENDANTS' TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which she bases her claims.

## AS AND FOR DEFENDANTS' THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or other statutory or other provisions of law.

**WHEREFORE**, Defendants respectfully request that this Court:

1. Dismiss the Complaint in its entirety, with prejudice;

2. Deny each and every demand, claim, and prayer for relief contained therein;

3. Award Defendants reasonable attorneys' fees and costs incurred in defending against this meritless action; and

Grant such other and further relief to Defendants as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated:  November 27, 2017     By:  /s/ Wendy J. Mellk
        New York, New York         Wendy J. Mellk
                                   MellkW@jacksonlewis.com
                                   Kevin P. Connolly
                                   Kevin.Connolly@jacksonlewis.com

                                   ATTORNEYS FOR DEFENDANTS
                                   ODYSSEY HOUSE, INC. and DURGA
                                   VALLABHANENI

4833-6732-7575, v. 1